IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No: 22-cr-20161-MSN |
| DEVIN WISEMAN, | |
| Defendant. | |

## MOTION *IN LIMINE*

COMES NOW Defendant, Devin Wiseman, by and through undersigned counsel, Greg Gookin, and moves the Court for an order prohibiting the government from introducing any documents or portions of documents that are not relevant to the question of whether prior offenses were "committed on occasions different from one another" for purposes of the Armed Career Criminal Act ("ACCA"). The government has provided Rule 16 discovery relating to its allegation that Mr. Wiseman is allegedly subject to the ACCA. Because portions of those documents are not relevant to the "different occasions" analysis and indeed prejudicial, Mr. Wiseman brings the present motion under Rules 401 and 403 of the Federal Rules of Evidence.

**I.      BACKGROUND**

On November 10, 2022, a federal grand jury returned a Superseding Indictment against Mr. Wiseman. (*See* ECF No. 23). The Superseding Indictment alleges in Count One that on or about October 18, 2021, Mr. Wiseman allegedly possessed a firearm after previously being convicted of a crime punishable by a term of imprisonment exceeding one year. (*See Id*. at PageID 31). The Superseding Indictment added the following language to both counts:

1

> Before DEVIN WISEMAN committed the offense charged in this count, DEVIN WISEMAN had at least three prior convictions for either serious drug offenses, violent felonies, or both, committed on occasions different from one another, in violation of Title 18, United States Code, Section 924(e).

(*See Id*.). On March 16, 2023, Mr. Wiseman pled guilty to possessing a firearm as a convicted felon, but the "occasions different" question will be decided by a jury. (*See* ECF No. 35)

As the Court is aware, the Armed Career Criminal Act ("ACCA") provides for a mandatory minimum sentence of 15 years for anyone who violates 18 U.S.C. § 922(g)(1) and has three prior "violent felonies" "committed on occasions different from one another" in their criminal history. In determining whether prior offenses were committed on different occasions, the Sixth Circuit has held that the district court may properly consider relevant information that may appear in the class of documents identified in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *See, e.g.*, *United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017).

In *Wooden v. United States*, the Supreme Court recently outlined a multi-factored inquiry to determine whether an offense was committed on occasions different from one another. *See,* 142 S. Ct. 1063, 1065 (2022). The Court in *Wooden* also flagged, but did not reach, the issue of whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion. *See* 142 S. Ct. at 1068 n.3; *see also id.* at 1087 n.12 (Gorsuch, J., concurring). The defense is aware that the current law in the Sixth Circuit is that a judge may make the different occasions finding, *See United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *see also United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022). Even so, the United States Department of Justice has directed government counsel to concede that considering the multi-factored inquiry required by *Wooden*, the ACCA enhancement should not be applied in the absence of a jury finding (or admission by the defendant) on the occasions-different issue.

The government has identified three prior convictions regarding the ACCA penalty clause as it relates to Mr. Wiseman: a 2018 conviction for Tennessee aggravated assault and two convictions in 2011 for Tennessee aggravated burglary. Mr. Wiseman <u>does not</u> admit that his prior felony convictions were committed on occasions different from one another. Mr. Wiseman is requesting that a jury make the determination as to whether his prior felony offenses were committed on occasions different from one another. As will be discussed below, Mr. Wiseman requests that the evidence that the jury considers in this case be appropriately tailored and that any non-relevant and potentially prejudicial information in the *Shepard* documents be redacted.

## II.   ARGUMENT

The government bears the burden of proving that Mr. Wiseman's prior aggravated burglary convictions were committed on occasions different from one another. *United States v. Barbour*, 750 F. 3d 535, 546 (6th Cir. 2014). The Sixth Circuit has held that "*Taylor* and *Shepard's* limitations on the evidentiary sources and information that a federal district court may consider in determining whether a prior conviction is a predicate under the ACCA also apply when the court determines whether prior offenses were 'committed on occasions different from one another' under the ACCA." *United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017). Those documents include "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. While this applies to when a Court makes the occasions different finding, the defense submits that it may also apply when the jury makes the occasion different finding.

In *Wooden v. United States*, the Supreme Court outlined a multi-factored inquiry to determine whether an offense was committed on occasions different from one another. *See*, 142 S. Ct. 1063, 1065 (2022). The inquiry includes timing, location, and the character and relationship

3

of the offenses, including whether the offenses were part of the same scheme, actuated by the same motive, and accomplished by the same means. *Id.* That inquiry did not include whether the sentences for the offenses were to be served concurrently or consecutively. It also does not include the actual sentences imposed for the offenses.

The government has provided its Rule 16 disclosure materials relating to Mr. Wiseman's criminal history. Regarding the two 2011 Tennessee convictions for aggravated burglary, the government provided a copy of two separate criminal information filings (Shelby County Criminal Court Nos. W10-01134 and W10-00966) against Mr. Wiseman dated September 2010 and November 2010. (*See* attached as Exhibit #1). The government also provided a copy of judgment forms (Nos. W10-01134 and W10-00966) dated March 23, 2011. (*See* attached as Exhibit #2). Regarding the 2018 conviction for Tennessee aggravated assault, the government provided a copy of the indictment (Shelby County Criminal Court No. 18-03408), dated June 19, 2018. (*See* attached as Exhibit #3). The government supplied the judgment form, dated December 14, 2018. (*See* attached as Exhibit #4). The government also provided the transcripts of the plea colloquy for both the 2011 aggravated burglary convictions and 2018 aggravated assault conviction. (*See* attached as Exhibits #5 and 6).

Defense counsel seeks the following redactions of the *Shepard* documents:

1. **2011 Plea colloquy transcript:**

   Pages 14-22
   Page 23         Lines 1-19
   Page 26         Lines 3-25
   Pages 27-33

The information that Mr. Wiseman seeks to redact deals with personal history, family issues, drug use history, and other information that is not relevant to the present ACCA inquiry.

2. **2018 Plea colloquy transcript:**

        Page 5        Lines 22-25
        Page 6        Lines 1-16

This information similarly deals with personal history and drug use history and is not relevant to the issues at trial.

### 3. 2018 Indictment

Count 2 of the indictment should be redacted. This count was dismissed pursuant to Mr. Wiseman's guilty plea to count 1. Inclusion of count 2 could result in confusion of the issues; Mr. Wiseman obviously does not contest that he was convicted pursuant to a guilty plea in count 1 of the Indictment.

Even if evidence is deemed relevant, it is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. If a jury views the information sought to be redacted by the defense, the jury may (impermissibly) conclude that Mr. Wiseman is a person of bad character who did not learn his lesson and that he should be punished accordingly.

## CONCLUSION

Mr. Wiseman therefore requests that the Court order redaction of the *Shepard* documents in connection with the upcoming jury trial.

RESPECTFULLY SUBMITTED,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

*/s/ Greg Gookin*
Greg Gookin, TN BPR #023649
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895
gregory_gookin@fd.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Raney Irwin, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

This, the 1st day of May, 2023.

/s/*Greg Gookin*
Greg Gookin
Assistant Federal Defender